UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LARRY AND SUZANNE SWISHER, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, a national banking institution,<br><br>Defendant. | NO. CV-11-5105-LRS<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT,** *INTER ALIA* |

**BEFORE THE COURT** is Plaintiff's Motion to Amend Complaint. (ECF No. 7). This motion was heard without oral argument on August 17, 2011 at 6:30 pm.

**I. Introduction**

Defendant moved to dismiss Plaintiffs' Fair Credit Reporting Act (FCRA) and state Consumer Protection Act (CPA) claims. Defendant alleged that Plaintiffs FCRA claim failed because there was no indication that Plaintiffs gave notice of the dispute to a consumer reporting agency as required to establish a private cause of action under the act. Defendant alleged that Plaintiff's CPA claim was pre-empted by the FCRA. Plaintiffs now seeks to amend to cure defects in the original complaint. There is no basis on which to deny Plaintiff's motion and the amended complaint addresses the issues raised in Defendant's Motion to Dismiss.

**ORDER GRANTING PLAINTIFFS'
MOTION TO AMEND COMPLAINT ~ 1**

## II. Discussion

The court has authority to grant Plaintiffs' motion under Fed. R.Civ.P. Rule 15 (a)(2), which states: "[i]n all other cases, a party may amend its pleading only with the opposing party's permission or the court's leave. The court should freely give leave when justice so requires." This rule should be interpreted and applied with "extreme liberality." *E.g., Morango Band of Mission Indians v. Rose* 893 F. 2d 1074, 1079 (9th Cir. 1990). A court should consider five factors in assessing the propriety of a motion to amend a complaint: "(1) bad faith, (2) undue delay, (3) prejudiced to the opposing party (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). All inferences should, however, be made in favor of granting the motion. *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

The court finds no basis on which to deny Plaintiffs' motion to amend. Plaintiffs have addressed the alleged defects in the original complaint by including in the amended complaint an allegation that they provided notice of the dispute to a consumer reporting agency, and by withdrawing their state law claims.

Accordingly,

**IT IS ORDERED** that:

1. Plaintiffs' Motion To Amend Complaint (ECF No. 7) filed July 21, 2011 is **GRANTED**.

2. Defendant's Motion to Dismiss (ECF No. 2) is **DISMISSED** as being moot.

3. Plaintiffs shall promptly serve and file their amended complaint.

//
//
//

**ORDER GRANTING PLAINTIFFS'
MOTION TO AMEND COMPLAINT ~ 2**

1  **IT IS SO ORDERED.** The District court Executive is directed to enter this Order and
2  provide copies to counsel.
3  **DATED** this ___19th___ day of August, 2011.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

**ORDER GRANTING PLAINTIFFS'**
**MOTION TO AMEND COMPLAINT ~ 3**